Filed 3/19/25  P. v. Smith CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DEREK LEON MARCUS SMITH,<br><br>        Defendant and Appellant. | A172569<br><br>(Riverside County<br>Super. Ct. No. INF2202347) |

**MEMORANDUM OPINION[1]**

A jury convicted Derek Leon Marcus Smith of four counts, including assault with a deadly weapon and attempted second degree robbery.  The trial court sentenced her to 12 years in prison.

On appeal, Smith contends insufficient evidence supported her conviction for assault with a deadly weapon.  Briefly, a hotel security guard interacted with her, asked if she needed assistance, and — when she became combative — told her she would have to leave if she was not a hotel guest.  She left but returned, picked up a small flag, "poured something on it," and

---

[1] We resolve this case by memorandum opinion, including only necessary facts.  (Cal. Stds. Jud. Admin., § 8.1; *People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)  The California Supreme Court transferred this matter from the Court of Appeal for the Fourth Appellate District to the First Appellate District on February 25, 2025.  As does Smith, we use she/her pronouns when referring to her.

1

lit it on fire.  She approached the guard holding the lit flag, but she stopped when she was "about ten yards" away from him, turned around, and disappeared.  The Attorney General concedes the flag was neither inherently dangerous nor — given the distance between the guard and Smith when she turned around — deadly as used.  (*People v. Aledamat* (2019) 8 Cal.5th 1, 6, 8 [inherently dangerous objects "designed to be used as deadly weapons" and have no innocent purpose]; *In re B.M.* (2018) 6 Cal.5th 528, 533 [deadly weapon when used in a manner " 'capable of producing' " and " ' "*likely to produce* death or great bodily injury" ' "].)  We accept the concession and reverse the conviction for assault with a deadly weapon.

Smith also argued the trial court imposed an unauthorized sentence for her attempted second degree robbery conviction.  But having considered the Attorney General's brief on the issue, Smith now concedes that she was mistaken.  We appreciate the concession and agree the sentence *was* authorized.  (*People v. Neely* (2009) 176 Cal.App.4th 787, 797 [punishment for attempted second degree robbery is an exception to the rule in Penal Code § 664].)

## DISPOSITION

We reverse Smith's conviction for assault with a deadly weapon and remand for resentencing.  In all other respects, the judgment is affirmed.

2

_____

RODRÍGUEZ, J.

WE CONCUR:


_____

FUJISAKI, Acting P. J.


_____

PETROU, J.

A172569; *People v. Smith*